UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RACHEL NEWCOMB, et al.,<br><br>　　　　　Respondents. | No.  2:25-cv-1497-DC-SCR<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a state prisoner sentenced to death, has filed a petition for a writ of error coram nobis along with a motion to proceed in forma pauperis. ECF Nos. 1-2. He is currently incarcerated at the California Medical Facility ("CMF") located in this judicial district.

　　　　Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the motion to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

**I.　　Factual and Procedural History**

　　　　By way of background, petitioner was convicted of two counts of first degree murder, one count of attempted first degree murder, and marijuana cultivation in the Kern County Superior Court in 1991. See Bolin v. Warden, San Quentin State Prison, Case No. 1:99-cv-05279-LJO-SAB (E.D. Cal.). On June 18, 1998, the California Supreme Court affirmed the judgment and sentence on direct appeal, as modified on August 12, 1998 upon denial of rehearing. People v.

1

1 | Bolin, 18 Cal. 4th 297 (1998), as modified on denial of reh'g (Aug. 12, 1998).

2 |   The United States Supreme Court denied a petition for writ of certiorari on March 8, 1999.

3 | See Bolin v. California, 526 U.S. 1006 (1999).

4 |   Petitioner next pursued state post-conviction relief. On January 19, 2005, petitioner's

5 | state habeas corpus petition was denied on the merits by the California Supreme Court. In re

6 | Bolin, Case No. S090684.

7 |   The district court denied petitioner's initial federal habeas petition filed pursuant to 28

8 | U.S.C. § 2254 on June 9, 2016. See Bolin v. Warden, San Quentin State Prison, Case No. 1:99-

9 | cv-05279-LJO-SAB (E.D. Cal.). The Ninth Circuit Court of Appeals affirmed the denial on

10 | September 15, 2021. See Paul v. Davis, 13 F.4th 797 (9th Cir. 2021).

11 |   Petitioner has filed numerous second or successive § 2254 petitions in this court. See

12 | Bolin v. Davis, Case No. 1:17-cv-0985-LJO-SAB (E.D. Cal.) (dismissed as an unauthorized

13 | second or successive § 2254 petition); Bolin v. On Habeas Corpus, Case No. 1:18-cv-0692-LJO-

14 | SAB (E.D. Cal.) (same); Bolin v. State of California, Case No. 1:22-cv-0670-ADA-EPG (E.D.

15 | Cal.) (same); Bolin v. On Habeas Corpus, Case No. 1:24-cv-00059-KES-SKO (E.D. Cal.) (same);

16 | Bolin v. Unknown, Case No. 1:24-cv-00094-KES-SAB (E.D. Cal.) (same); Bolin v. Newcomb,

17 | Case No. 1:24-cv-00644-KES-HBK (E.D. Cal.) (same).

18 |   In the present action, the California Assistant Attorney General and the Kern County

19 | Superior Court Clerk are named as respondents. Petitioner challenges the accuracy of the record

20 | on appeal and alleges that there was a conspiracy among respondents to criminally alter numerous

21 | pages of the trial transcripts. ECF No. 1 at 4. On October 17, 2025, petitioner filed a second writ

22 | of error coram nobis which contains the same allegations as the original writ but includes

23 | "matters of new material facts." ECF No. 12 at 2. The court construes this pleading as an

24 | amended coram nobis petition which supersedes the original writ. See Fed. R. Civ. P. 15(a)(1)

25 | (allowing amendment as a matter of right prior to 21 days after service of the pleading).

26 |   **II.     Legal Standards**

27 |   As a preliminary matter, a writ of error coram nobis is a judicially created remedy that is

28 | only available to challenge a federal criminal sentence which has been fully served. See United

1 | States v. Monreal, 301 F.3d 1127, 1131-32 (9th Cir. 2002); Yasui v. United States, 772 F.2d

2 | 1496, 1498 (9th Cir. 1985), superseded by rule on other grounds (stating that "[t]he writ of error

3 | coram nobis fills a void in the availability of post-conviction remedies in federal criminal cases").

4 | More specifically, coram nobis "lies only to challenge errors occurring in the same court." See

5 | Hensley v. Municipal Court, 453 F.2d 1252, 1252 n. 2 (9th Cir. 1972) (holding that, even though

6 | habeas jurisdiction was lacking, a petition could not be treated as "one seeking coram nobis

7 | because [petitioner] seeks to challenge a state court proceeding in federal court"), rev'd on other

8 | grounds by 411 U.S. 345 (1973).

9 |     **III.**    **Analysis**

10 |     As noted above, a petition for writ of error coram nobis in federal court is not an available

11 | mechanism to challenge state court proceedings. The petition is subject to summary dismissal on

12 | that basis alone.

13 |     To the extent this writ of error coram nobis were instead construed as a petition for writ of

14 | habeas corpus, it would also be subject to summary dismissal under the preliminary screening

15 | standard of Rule 4 of the Rules Governing Section 2254 Cases.[1] Although petitioner is careful to

16 | avoid stating that he is challenging his state court conviction, it is clear that the purpose for

17 | challenging the correctness of the state court trial transcript is to overturn his conviction.

18 | However, this is not the first time that petitioner has challenged the accuracy of the trial

19 | transcripts through federal post-conviction proceedings. See e.g., Bolin v. Davis, Case No. 1:17-

20 | cv-0985-LJO-SAB at ECF No. 11 (E.D. Cal.) (explaining that the § 2254 petition alleges that "the

21 | record on appeal is incomplete, improperly certified and fraudulently modified" and that this

22 | claim was also presented in his initial § 2254 petition). A habeas petition is second or successive

23 | "only if it raises claims that were or could have been adjudicated on the merits" in an earlier 2254

24 | petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). Thus, the instant amended

25 | coram nobis petition is nothing more than a disguised second or successive § 2254 challenge to

26 | petitioner's state court conviction. As a second or successive habeas challenge, petitioner is

27

28 | [1] See Rule 1(b) of the Rules Governing Section 2254 Cases (explaining that the district court may apply these rules to other types of habeas corpus petitions besides a 2254 petition).

1 required to obtain authorization from the Ninth Circuit Court of Appeals prior to filing.  See 28
2 U.S.C. § 2244(b)(3).  This court has no jurisdiction over petitioner's challenge to his state court
3 conviction absent such preauthorization from the Ninth Circuit.  For all these reasons, the
4 undersigned recommends that the amended petition for writ of error coram nobis be summarily
5 dismissed.
6       Based on this recommendation, the court denies as moot petitioner's request for the
7 appointment of counsel.  See ECF No. 10.
8       Accordingly, IT IS HERBY ORDERED that:
9       1.  Petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.
10       2.  Petitioner's motion to appoint counsel (ECF No. 10) is denied.
11       IT IS FURTHER RECOMMENDED that petitioner's amended writ of error coram nobis
12 be summarily dismissed for the reasons explained herein.
13       These findings and recommendations are submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days
15 after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  Since petitioner appears to
18 be challenging his state court conviction, he may address as part of his objections whether a
19 certificate of appealability should issue in the event he files an appeal of the judgment in this
20 case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or
21 deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as
22 here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should
23 issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the
24 district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it
25 debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris
26 v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484
27 (2000)).  Any response to the objections shall be served and filed within fourteen days after
28 service of the objections.  The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 7, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE